IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

MARCUS J. HALL,

                Plaintiff

VS.

DEPUTY CHRIS. TERRELL, *et al.*,

                Defendant

NO.  3:08-CV-35 (CDL)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# RECOMMENDATION

Plaintiff MARCUS J. HALL is an inmate in the custody of the State of Georgia.  He has sued the defendants herein alleging that they violated his constitutional rights.  Specifically, the plaintiff contends that the defendants, after being notified by plaintiff that his cell-mate was "acting strange," violated his constitutional rights by failing to promptly remove one of them from the cell. Plaintiff Hall further contends that, as a result of the defendants' inaction, he sustained a "severe contusion" and "possible bone damage" to his hand when "forced to defend himself" from his cell mate's subsequent assault.

Pending before the court is defendants' MOTION FOR SUMMARY JUDGMENT. Tab #36.  This motion is supported by a memorandum (Tab #37), a statement of facts, and several affidavits. Plaintiff HALL has responded to the motion. Tab #45.

### LEGAL STANDARDS

### A. Summary Judgment

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). "If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

**B. Failure To Protect From Danger**

Under the law of this circuit, prison officials can be liable for exhibiting deliberate indifference to a known danger. *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990). However, the known risk of injury must have been a *strong likelihood*, rather than a mere possibility, before an official's failure to act can constitute deliberate indifference. *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989). *See also Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984). On the other hand, prison officials are not liable for exhibiting mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) and *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

**FACTUAL BACKGROUND**

The pertinent facts, taken in the light most favorable to the plaintiff, are as follows: On February 6, 2008, pursuant to plaintiff Hall's request, the Classification Unit at the Clarke County Jail issued a decision to move the plaintiff from his existing housing. This decision directed that he be moved from his existing cell area to the jail's administrative protective custody unit. On the same day, documentation of this decision was provided to defendant CHRIS TERRELL, the deputy then responsible for implementing this type of inmate movement within the jail. Once he had received the documentation, defendant TERRELL escorted plaintiff HALL from his existing housing area to the entry way of the administrative protective unit. At this point, and despite the fact that he had requested a move, plaintiff HALL objected to being placed in the administrative protective unit.[2] As a result, deputy TERRELL notified his supervisor, defendant SGT. MIKE HERRING, who explained to the plaintiff that his continued failure to cooperate could result in the use of a Taser. At this point, plaintiff HALL entered the unit.

---

[2] According to plaintiff Hall, he requested a move but did not desire a transfer to the administrative protective unit. However, and perhaps in light of the fact that plaintiff Hall had several "Keep Separate" designations owing to problems with other inmates, the Classification Unit decided to transfer him to the protective unit.

Once inside the unit, plaintiff Hall was escorted to a cell containing inmates Callaway and Ervin.[3] According to the plaintiff, before he entered the cell, he observed inmate Ervin pacing and "making sounds with his mouth that weren't understandable." Plaintiff claims that at this time he advised defendants TERRELL and HERRING that Ervin was "acting strange, didn't seem to be in his right mind," and that he "didn't feel comfortable going in the cell." Nonetheless, plaintiff HALL was placed in the cell.

Thirty minutes later, while the plaintiff was speaking with cellmate Callaway, inmate Ervin removed a bag of pork skins from plaintiff HALL's commissary box, told the plaintiff that pork was not good for him, tossed the bag of pork skins into the hallway, walked over to the toilet, and urinated on the floor. Soon thereafter, defendant TERRELL reentered the unit and returned the bag of pork skins to the plaintiff. At this time, plaintiff HALL explained to TERRELL what had happened and asked that either he or Ervin be moved to another cell. TERRELL denied the request. As a result, plaintiff HALL asked for a grievance form.

When TERRELL returned with the grievance form, plaintiff HALL explained that Ervin had since become more aggressive insofar as he had again attempted to take the bag of pork skins. At this time, plaintiff renewed his request to be moved. Moreover, plaintiff HALL told TERRELL that he was not going to allow Ervin to take "my commissary." After plaintiff asked to speak with a supervisor, TERRELL communicated the plaintiff's request to defendant HERRING. Defendant HERRING also denied the request.

More than hour later, and in response to another attempt by inmate Ervin to take the bag of pork skins, plaintiff decided to "intervene" physically. In response to this physical "intervention" by the plaintiff, inmate Ervin allegedly removed his jumpsuit and, while naked, charged the plaintiff. During this altercation the plaintiff avers that he suffered "severe contusion possible bone damage." Thereafter, defendant TERRELL returned to the area and had Cpl. Branch remove inmate Ervin.

---

[3]Unlike plaintiff Hall, Inmate Ervin had no "Keep Separate" designations nor did he have any known history of violence.

## DISCUSSION

Defendants, in their MOTION FOR SUMMARY JUDGMENT, contend that plaintiff HALL has failed to state a constitutional claim. The undersigned agrees. In order to state a claim for failure to protect, an inmate must demonstrate that the defendant prison official was aware of and deliberately indifferent to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S. Ct. 1970 (1994). Even accepting the facts exactly as the plaintiff has presented them, the plaintiff has simply failed to show that such a *substantial* risk existed. Accordingly, logic would dictate that it would be impossible for the defendants to be aware of or deliberately indifferent to such a nonexistent risk.

Moreover, and even though hindsight demonstrates that moving either plaintiff Hall or Inmate Ervin might have prevented the altercation, under the circumstances described by the plaintiff, the defendants' failure to do so constitutes no more than negligence. As mere negligence is patently insufficient to support a claim of deliberate indifference, the plaintiff Hall's claim thereof must fail. *Daniels v. Williams*, 474 U.S. 327, 88 L. Ed.2d 662, 106 S.Ct. 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 88 L.Ed.2d 677, 106 S.Ct. 668 (1986). Accordingly, and in light of the fact that the plaintiff has failed to show that his constitutional rights were violated, his other claims which are largely based on a theory of *respondeat superior* must also fail. *See Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir. 1985); *see also Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986).

As it appears that the defendants are entitled to judgment as a matter of law, the undersigned RECOMMENDS that their MOTION FOR SUMMARY JUDGMENT be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO ORDERED this 22nd day of MAY, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE